Hade, and Murphey,
 

 (who sat for Judge Henderson) Judges, declined giving any opinion upon the first question made in this case. Upon the second question, they were of opinion that the Sheriff’s deed to Putney was co-lour of title, and he having had seven years possession under it, the right of entry in the lessors of the Plaintiff’ was barred.
 

 Taylor, Chief-Justice.
 

 The questions arising in this case are, whether Richard Jones acquired a fee simple in the land under the will of his father, William Jones; and if he did, then whether the title was divested out of him, and vested in the Defendant by virtue of his possession and the
 
 colour
 
 of title accompanying it. It is impossible to read the will, and to doubt that the intention of the testator was to give to Richard Jones an estate for his life-only. It is equally clear that he intended no benefit to be-enjoyed under the devise to his grandson, James Johnston,
 
 *567
 
 as long as there were any issue of Richard Jones remaining. This was the general intent, to which the other, the particular intent, must give way, where it is impossible to reconcile them. That cannot be done in this case, for the issue of Richard Jones can only take by a descendible estate being vested in their ancestor: and in giving tiiis .construction to the will, the Court do no more than the testator himself would probably have done, had he been aware that his general object could not have been attained, without giving up his particular intent. JF the issue were held to take by purchase, then, upon the death of one, his share would go over to James Johnston3 which certainly was not intended by the testator. This consideration, when coupled with the act of 1784, ch. 22, shews clearly that Richard Jones was tenant in fee simple of the land sued for.
 

 The objection made to the colour of title set up by the Defendant is, that the Sheriff’s deed recites the execution under which the land was sold, as having been signed by the deputy clerk, and being, therefore, void upon tiie face of it, could not enure as colour of title. One general' ground, on which it has been held that a colour of title is necessary, where a party relies upon the statute of limitations is, that the act did not intend to protect those who knowingly took possession of another’s lands, and sought to acquire a title by continuing a trespasser for seven years. Whether that principle be correct, or whether a person can in any case fortify his possession by a colour of title, which purports on its face, that the alienor had no right to convey the land, I leave as questions to ho settled as they arise. But I think it may be affirmed, without hazard, that a deed may operate as colour of title, which docs not necessarily purport the want of authority in the seller to convey, or which may in truth bo consistent with such an authority. A man purchasing at a Sheriff’s sale, under an execution issuing from his own judgment, may he thought
 
 prima Jade
 
 to have reasonable ground to believe
 
 *568
 
 that the Sheriff iias a right to
 
 sell;
 
 and this presumption 'ought to remain, at least, until he is instructed by the Sheriff’s deed, that the authority to make the sale was void ljn<]er. a¡} ¡t;j circumstances. If any case can be stated, wherein the execution might be signed by the deputy clerk, ■it may be intended that the purchaser believed that case to have happened, when ho received a deed from the Sheriff. It makes no difference, that it now appears to the Court, that such a case had not happened, for the enquiry turns not ■upon the
 
 fact,
 
 but upon the purchaser’s
 
 belief.
 
 Such acaso is provided for by the act of
 
 1777,
 
 ch. 2, sec.
 
 95;
 
 and there, is nothing to bring home to the purchaser, a knowledge that the principal clerk was alive at the issuing of the execution. This case, therefore, is not to be distinguished from that of a person, who enters upon the possession of land, believing that he has a right to do so j and as he claims under a deed, which, for any thing appearing to the contrary, announced to him the rightful exercise of an authority in the Sheriff
 
 to
 
 sell, it must amount to a colour of title. Upon both grounds, therefore, I think there ought to be judgment for the Defendant.